IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ELIJAH JONES, | ) | |
| | ) | |
| Petitioner, | ) | 8:09CV158 |
| | ) | |
| v. | ) | |
| | ) | |
| FRED BRITTEN, Warden, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondent. | ) | |

Petitioner filed a Petition for Writ of Habeas Corpus (Filing No. 1). The Court has conducted an initial review of the Petition for Writ of Habeas Corpus to determine whether the four claims made by petitioner are, when liberally construed, potentially cognizable in federal court.

The claims asserted by petitioner are:

> Claim One: Petitioner received ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments *because* petitioner's trial counsel (1) did not request that the county attorney recuse himself from the case; (2) failed to advise the court that petitioner was illiterate; (3) failed to argue that petitioner was mentally unfit to stand trial; (4) did not raise a self-defense claim; (5) did not object to evidence introduced by the prosecution; (6) failed to introduce evidence helpful to petitioner's claim; (7) did not argue that petitioner's taped confession was coerced and therefore inadmissable; (8) did not properly investigate the case; and

(9) did not raise the proper motions.

Claim Two: Petitioner received ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments *because* petitioner's appellate counsel (1) failed to raise the issue of trial counsel's ineffectiveness; (2) did not argue that the validity of petitioner's initial trial was undermined by prosecutorial misconduct.

Claim Three: The county attorney committed prosecutorial misconduct in violation of the Due Process Clause of the Fourteenth Amendment *because* the county attorney (1) failed to recuse himself from petitioner's case, although he previously represented petitioner in another matter; (2) used information he obtained while previously representing petitioner to prosecute petitioner; and (3) granted a state's witness prosecutorial immunity in exchange for his agreement to testify against petitioner, despite having reason to doubt the veracity of the witness's testimony.

Claim Four: The Omaha Police Department and ATF federal officers committed misconduct in violation of the Fifth, Sixth, and Fourteenth Amendments *because* the officers (1) subjected petitioner to interrogation without reading him the Miranda warnings; (2) misrepresented themselves as being members of "the Mafia"; (3) intentionally tampered with evidence; and (4) refused to allow petitioner access to counsel.

Liberally construed, the Court preliminarily decides that all four of petitioner's claims are potentially cognizable in federal court.  However, the Court cautions that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent petitioner from obtaining the relief sought.  Accordingly,

IT IS ORDERED:

1.  Upon initial review of the Petition for Writ of Habeas Corpus (Filing No. 1), the Court preliminarily determines that all four of petitioner's claims are potentially cognizable in federal court.

2.  The clerk of the court is directed to mail copies of this Memorandum and Order and petitioner's Petition for Writ of Habeas Corpus (Filing No. 1) to respondent and the Nebraska Attorney General by regular first-class mail.

3.  By July 24, 2009, respondent shall file a motion for summary judgment or state court records in support of an answer.  The clerk of the court is directed to set a pro se case management deadline in this case using the following text: July 24, 2009:  deadline for respondent to file state court records in support of answer or motion for summary judgment.

      4.  If respondent elects to file a motion for summary judgment, the following procedures shall be followed by respondent and petitioner:

    A.  The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

    B.  The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

    C.  Copies of the motion for summary judgment, the designation, including state court records, and respondent's brief shall be served upon petitioner *except* that respondent is only required to provide petitioner with a copy of the specific pages of the record which are cited in respondent's brief.  In the event that the designation of state court records is deemed insufficient by petitioner, petitioner may file a motion with the Court requesting additional documents.  Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.  No later than 30 days following the filing of the motion for summary judgment, petitioner shall file and serve a brief in opposition to the motion for summary judgment.  Petitioner shall

-4-

>submit no other documents unless directed to do so by the Court.
>
>E. No later than 30 days after the filing petitioner's brief, respondent shall file and serve a reply brief. In the event that respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.
>
>F. If the motion for summary judgment is denied, respondent shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of petitioner**.

5. If respondent elects to file an answer, the following procedures shall be followed by respondent and petitioner:

>A. By July 24, 2009, respondent shall file <u>all</u> state court records which are relevant to the cognizable claims. *See, e.g.,* Rule 5(c)-(d) of the [Rules Governing Section 2254 Cases in the United States District Courts](). Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

-5-

B. No later than 30 days after the filing of the relevant state court records, respondent shall file an answer. The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.,* Rules 5(b) and 9 of the [Rules Governing Section 2254 Cases in the United States District Courts](#).

C. Copies of the answer, the designation, and respondent's brief shall be served upon petitioner at the time they are filed with the Court *except* that respondent is only required to provide petitioner with a copy of the specific pages of the designated record which are cited in respondent's brief. In the event that the designation of state court records is deemed insufficient by petitioner, petitioner may file a motion with the Court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of respondent's brief, petitioner shall file and serve a brief in response. Petitioner shall submit

>    no other documents unless directed to do so by the Court.
>
>    E.  No later than 30 days after the filing of petitioner's brief, respondent shall file and serve a reply brief.  In the event that respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.
>
>    F.  The clerk of the court is directed to set a pro se case management deadline in this case using the following text:  August 24, 2009:  check for respondent to file answer and separate brief.
>
> 6.  No discovery shall be undertaken without leave of the Court.  *See* Rule 6 of the *[Rules Governing Section 2254 Cases in the United States District Courts](#)*.

DATED this 15th day of June, 2009.

>                    BY THE COURT:
>
>                    /s/ Lyle E. Strom
>                    _____
>                    LYLE E. STROM, Senior Judge
>                    United States District Court